Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

Attorneys for Plaintiff
JASON B. PERKINS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JASON B. PERKINS, | Case No. |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| vs. | |
| CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

This action involves the shooting of JASON B. PERKINS by JERRY J. RAMAR, a police officer employed by the CITY OF MODESTO, MODESTO POLICE DEPARTMENT, and Chief of Police GALEN L. CARROLL.

## JURISDICTION & VENUE

1. This Court has original jurisdiction of the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Stanislaus, California.

## EXHAUSTION

4. On information and belief, Plaintiff JASON B. PERKINS submitted a government claim to the CITY OF MODESTO and MODESTO POLICE DEPARTMENT regarding the claims asserted herein on May 7, 2018, and that government claim was rejected. On information and belief, Plaintiff JASON B. PERKINS has been continuously incapacitated and/or incarcerated from November 6, 2017, to present.

## PARTIES

5. Plaintiff JASON B. PERKINS is a resident of the State of California, County of Stanislaus.

6. Defendant CITY OF MODESTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

7. Defendant MODESTO POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8. Defendant GALEN L. CARROLL is, and at all times material herein was, a law enforcement officer and Chief of Police of Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT, acting within the scope of that employment. Defendant GALEN L. CARROLL is sued in his individual capacity.

9. Defendant JERRY J. RAMAR is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT, acting within the scope of that employment. Defendant JERRY J. RAMAR is sued in his individual capacity.

10. Defendant DOE 1 is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT, acting

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

within the scope of that employment. Defendant DOE 1 is sued in his individual capacity.

11.     Defendants DOE 2 to 25 are and/or were agents or employees of Defendants CITY OF MODESTO and/or MODESTO POLICE DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 2 to 25 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

12.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13.     On or about November 6, 2017, Plaintiff JASON B. PERKINS drove his significant other, Shannon Agnitsch, to the Bank of America branch located at 1737 Oakdale Road, in Modesto, California.

14.     Plaintiff JASON B. PERKINS remained in his vehicle, in the bank's parking lot, in the driver's seat, while Ms. Agnitsch entered the bank.

15.     Plaintiff JASON B. PERKINS's vehicle was approached by Defendants JERRY J. RAMAR and DOE 1, on-duty police officers employed by Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT.

16.     Plaintiff JASON B. PERKINS was not aware that Defendants JERRY J. RAMAR and DOE 1 approached his vehicle.

17.     Defendant JERRY J. RAMAR unholstered and fired his department-issued firearm at Plaintiff JASON B. PERKINS, without warning and without provocation.

18.     Defendant JERRY J. RAMAR shot at Plaintiff JASON B. PERKINS and his vehicle several times.

19.     Defendant JERRY J. RAMAR shot Plaintiff JASON B. PERKINS approximately eight times.

20.     Defendant JERRY J. RAMAR shot Plaintiff JASON B. PERKINS twice in the face, twice in the chest, twice in the left arm, and twice on his left shoulder.

21.     On information and belief, Defendant DOE 1 stood by as Defendant JERRY J. RAMAR

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

shot Plaintiff JASON B. PERKINS, without protest or intervention and despite the opportunity to do so.

22. Plaintiff JASON B. PERKINS required life-saving medical treatment at the scene of the shooting.

23. Plaintiff JASON B. PERKINS was transported to Memorial Medical Center in Modesto, California, to receive further life-saving medical treatment, including several surgeries.

24. Plaintiff JASON B. PERKINS remained in critical condition at the hospital for two weeks following the shooting.

25. Plaintiff JASON B. PERKINS's surgeries have included bone grants from his hip to replace bone in his jaw, the implant of metal plates and screws into his face.

26. Plaintiff JASON B. PERKINS has three bullets and/or metal jackets lodged inside of his body and has been advised that their removal would be dangerous.

27. Plaintiff JASON B. PERKINS has undergone two additional surgeries since the shooting and expects that at least a few more surgeries will be required in the future.

28. Plaintiff JASON B. PERKINS's injuries have left him with paralysis in his left hand, right arm, and face.

## POLICY OR CUSTOM ALLEGATIONS

29. Defendant GALEN L. CARROLL, acting as Chief of Police, is and, at all times material herein, was a final policy-making authority for Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under his command. *See* Cal. Gov. Code § 38630(a).

30. Defendants DOE 2 to 25 are/were policy-making authorities, based on a delegation of authority, for Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT as it relates to the training, supervision, and discipline of law enforcement officers acting under their command.

31. On information and belief, Defendants JERRY J. RAMAR, DOE 1, and/or DOE 2 to 25's use of unreasonable force against Plaintiff JASON B. PERKINS resulted from the existence of a policy or custom maintained by Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, and DOE 2 to 25. Specifically, the topics of the policies or customs alleged to exist in connection with the incidents giving rise to this action include:

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

i. A policy or custom of action whereby Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, and DOE 2 to 25 knowingly participated in creating and maintaining a culture permitting or encouraging subordinate officers' use of unconstitutionally excessive force.

ii. A policy or custom of inaction whereby Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, and DOE 2 to 25 acquiesced in or where deliberately indifference to a culture permitting or encouraging subordinate officers' use of unconstitutionally excessive force.

32. The existence of the policies or customs alleged to exist are reflected by Defendants JERRY J. RAMAR's use of unreasonable force against Plaintiff JASON B. PERKINS, and DOE 1's failure to intervene in, integral participation in, and/or aiding and abetting JERRY J. RAMAR's use of unreasonable force against Plaintiff JASON B. PERKINS, including:

a. The multiple harms that occurred to Plaintiff JASON B. PERKINS, including (i) Defendant JERRY J. RAMAR's pointing his firearm at Plaintiff JASON B. PERKINS when he posed no threat and there was no lawful justification for doing so; (ii) Defendant JERRY J. RAMAR's firing his firearms at Plaintiff JASON B. PERKINS when he posed no threat and there was no lawful justification for doing so; and (iii) Defendant JERRY J. RAMAR's shooting Plaintiff JASON B. PERKINS when he posed no threat and there was no lawful justification for doing so.

b. The misconduct that occurred in the open, on a public street, including (i) Defendant JERRY J. RAMAR's pointing his firearm at Plaintiff JASON B. PERKINS when he posed no threat and there was no lawful justification for doing so; (ii) Defendant JERRY J. RAMAR's firing his firearms at Plaintiff JASON B. PERKINS when he posed no threat and there was no lawful justification for doing so; and (iii) Defendant JERRY J. RAMAR's shooting Plaintiff JASON B. PERKINS when he posed no threat and there was no lawful justification for doing so.

c. The involvement of multiple officials in the misconduct, including Defendants JERRY J. RAMAR, who pointed his firearm and shot Plaintiff JASON B. PERKINS multiple times

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

when he posed no threat and there was no lawful justification for doing so and DOE 1 who failed to intervene in, integrally participated in, and/or aided and abetted JERRY J. RAMAR's use of unreasonable force against Plaintiff JASON B. PERKINS.

33. Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, and DOE 2 to 25 were or should have been on notice regarding the need to discontinue, modify, and/or implement new and different versions of policies or customs because the inadequacies were so obvious and likely to result in the violation of constitutional rights of persons coming into contact with their subordinate officers, including Plaintiff JASON B. PERKINS.

34. On information and belief, additional evidence and information related to Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, and DOE 2 to 25's policies or customs will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, and DOE 2 to 25 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

### FIRST CLAIM

### Unreasonable Force

### (Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

35. The First Claim is asserted by Plaintiff JASON B. PERKINS against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

36. Plaintiff JASON B. PERKINS realleges and incorporates the allegations of the preceding paragraphs 1 to 34, to the extent relevant, as if fully set forth in this Claim.

37. Defendant JERRY J. RAMAR, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against Plaintiff JASON B. PERKINS, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

38. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, failed to intercede and/or was an integral participant to Defendant JERRY J. RAMAR's use of excessive and unreasonable force against Plaintiff JASON B. PERKINS, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

39. Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, and DOE 2 to 25, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiff JASON B. PERKINS's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

40. Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff JASON B. PERKINS's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

41. As a direct and proximate result of Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions, Plaintiff JASON B. PERKINS suffered injuries entitling him to receive compensatory damages against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25, and punitive damages against Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

WHEREFORE, Plaintiff JASON B. PERKINS prays for relief as hereunder appears.

## SECOND CLAIM

### Unreasonable Force

**(Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))**

42. The Second Claim is asserted by Plaintiff JASON B. PERKINS against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

43. Plaintiff JASON B. PERKINS realleges and incorporates the allegations of the preceding

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

paragraphs 1 to 34, to the extent relevant, as if fully set forth in this Claim.

44. Defendant JERRY J. RAMAR, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against Plaintiff JASON B. PERKINS, in violation of his rights protected by art. I, § 13 of the California Constitution.

45. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, aided and abetted Defendant JERRY J. RAMAR's use of excessive and unreasonable force against Plaintiff JASON B. PERKINS, in violation of his rights protected by art. I, § 13 of the California Constitution

46. Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, and DOE 2 to 25, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiff JASON B. PERKINS's rights protected by art. I, § 13 of the California Constitution.

47. Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

48. Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JASON B. PERKINS.

49. As a direct and proximate result of Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions, Plaintiff JASON B. PERKINS suffered injuries entitling him to receive compensatory damages against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25, and punitive damages against Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

WHEREFORE, Plaintiff JASON B. PERKINS prays for relief as hereunder appears.

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

## THIRD CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1(b); Cal. Gov. Code §§ 815.2(a), 820(a))

50. The Third Claim is asserted by Plaintiff JASON B. PERKINS against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

51. Plaintiff JASON B. PERKINS realleges and incorporates the allegations of the preceding paragraphs 1 to 49, to the extent relevant, as if fully set forth in this Claim.

52. Defendant JERRY J. RAMAR, acting or purporting to act in the performance of his official duties as a law enforcement officer, used excessive and unreasonable force against Plaintiff JASON B. PERKINS, with specific intent to deprive his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and/or art. I, § 13 of the California Constitution.

53. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, aided and abetted Defendant JERRY J. RAMAR's use of excessive and unreasonable force against Plaintiff JASON B. PERKINS, with specific intent to deprive his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and/or art. I, § 13 of the California Constitution.

54. Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, and DOE 2 to 25, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction, resulting in the violation of Plaintiff JASON B. PERKINS's rights, with specific intent to deprive his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution.

55. Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

56. Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JASON B. PERKINS.

57. As a direct and proximate result of Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions, Plaintiff JASON B. PERKINS suffered injuries entitling him to receive compensatory damages and statutory penalties against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25, and punitive damages against Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

WHEREFORE, Plaintiff JASON B. PERKINS prays for relief as hereunder appears.

## FOURTH CLAIM

### Assault/Battery

### (Cal. Gov. Code §§ 815.2(a), 820(a))

58. The Fourth Claim is asserted Plaintiff JASON B. PERKINS against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, JERRY J. RAMAR, and DOE 1.

59. Plaintiff JASON B. PERKINS realleges and incorporates the allegations of the preceding paragraphs 1 to 28, to the extent relevant, as if fully set forth in this Claim.

60. Defendant JERRY J. RAMAR, acting or purporting to act in the performance of his official duties as a law enforcement officer, intentionally touched or threatened to touch Plaintiff JASON B. PERKINS, without consent, and that touching or threating to touch constituted use of excessive and unreasonable force.

61. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, aided and abetted Defendant JERRY J. RAMAR's intentional touching or threating to touch Plaintiff JASON B. PERKINS, and that touching or threating to touch constituted use of excessive and unreasonable force.

62. Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

caused by acts or omissions of their employees acting within the scope of their employment, including Defendants JERRY J. RAMAR and DOE 1.

63. Defendants JERRY J. RAMAR and DOE 1's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JASON B. PERKINS.

64. As a direct and proximate result of Defendants JERRY J. RAMAR and DOE 1's actions and inactions, Plaintiff JASON B. PERKINS suffered injuries entitling him to receive compensatory damages against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, JERRY J. RAMAR, and DOE 1, and punitive damages against Defendants JERRY J. RAMAR and DOE 1.

WHEREFORE, Plaintiff JASON B. PERKINS prays for relief as hereunder appears.

## FIFTH CLAIM

### Intentional Infliction of Emotional Distress

### (Cal. Gov. Code §§ 815.2(a), 820(a))

65. The Fifth Claim is asserted by Plaintiff JASON B. PERKINS against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

66. Plaintiff JASON B. PERKINS realleges and incorporates the allegations of the preceding paragraphs 1 to 34, to the extent relevant, as if fully set forth in this Claim.

67. Defendant JERRY J. RAMAR, acting or purporting to act in the performance of his official duties as a law enforcement officer, engaged in outrageous conduct, including use of excessive and unreasonable force against Plaintiff JASON B. PERKINS, and, as a result that outrageous conduct, Plaintiff JASON B. PERKINS suffered severe emotional distress.

68. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, engaged in outrageous conduct, including aiding and abetting Defendant JERRY J. RAMAR's use of excessive and unreasonable force against Plaintiff JASON B. PERKINS, and, as a result that outrageous conduct, Plaintiff JASON B. PERKINS suffered severe emotional distress.

69. Defendants GALEN L. CARROLL and DOE 2 to 25, acting under color of state law and as policy-making authorities, engaged in outrageous conduct, including maintenance of policies or

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

customs of action and inaction resulting in the violation of Plaintiff JASON B. PERKINS's rights, and, as a result that outrageous conduct, Plaintiff JASON B. PERKINS suffered severe emotional distress.

70.     Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

71.     Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JASON B. PERKINS.

72.     As a direct and proximate result of Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions, Plaintiff JASON B. PERKINS suffered injuries entitling him to receive compensatory damages against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25 and punitive damages against Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

WHEREFORE, Plaintiff JASON B. PERKINS prays for relief as hereunder appears.

## SIXTH CLAIM

**Negligence**

**(Cal. Gov. Code §§ 815.2(a), 820(a))**

73.     The Sixth Claim is asserted by Plaintiff JASON B. PERKINS against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

74.     Plaintiff JASON B. PERKINS realleges and incorporates the allegations of the preceding paragraphs 1 to 34, to the extent relevant, as if fully set forth in this Claim.

75.     Defendant JERRY J. RAMAR, acting or purporting to act in the performance of his official duties as a law enforcement officer, owed Plaintiff JASON B. PERKINS a duty of care and breached that duty by using excessive and unreasonable force against Plaintiff JASON B. PERKINS, employing improper tactical conduct, and making improper decisions preceding the use of excessive and

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

unreasonable force.

76. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, owed Plaintiff JASON B. PERKINS a duty of care and breached that duty by aiding and abetting Defendant JERRY J. RAMAR's use of excessive and unreasonable force against Plaintiff JASON B. PERKINS, employing improper tactical conduct, and making improper decisions preceding the use of excessive and unreasonable force.

77. Defendants GALEN L. CARROLL and DOE 2 to 25, acting under color of state law and as policy-making authorities, owed Plaintiff JASON B. PERKINS a duty of care and breached that duty by inadequately training, supervising, and/or retaining Defendants JERRY J. RAMAR and DOE 1 by, on information and belief: (i) knowingly participating in creating and maintaining a culture permitting or encouraging subordinate officers' use of unconstitutionally excessive force; and/or (ii) acquiescing in or acting deliberately indifferent to a culture permitting or encouraging subordinate officers' use of unconstitutionally excessive force.

78. Defendants CITY OF MODESTO and MODESTO POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

79. Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff JASON B. PERKINS.

80. As a direct and proximate result of Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25's actions and inactions, Plaintiff JASON B. PERKINS suffered injuries entitling it to receive compensatory damages against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25, and punitive damages against Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25.

WHEREFORE, Plaintiff JASON B. PERKINS prays for relief as hereunder appears.

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JASON B. PERKINS seeks Judgment as follows:

1. For an award of compensatory, general, and special damages against Defendants CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants GALEN L. CARROLL, JERRY J. RAMAR, DOE 1, and DOE 2 to 25, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3. For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: January 29, 2019

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336

Attorneys for Plaintiff
JASON B. PERKINS

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff JASON B. PERKINS.

Dated: January 29, 2019                    Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336

Attorneys for Plaintiff
JASON B. PERKINS

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. _____