1    Mark E. Merin (State Bar No. 043849)
     Paul H. Masuhara (State Bar No. 289805)
2    LAW OFFICE OF MARK E. MERIN
     1010 F Street, Suite 300
3    Sacramento, California 95814
     Telephone: (916) 443-6911
4    Facsimile: (916) 447-8336
     E-Mail: mark@markmerin.com
5               paul@markmerin.com

    Attorneys for Plaintiff
    JASON B. PERKINS

DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
PATRICK MORIARTY, State Bar No. 213185
pmoriarty@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

    Attorneys for Defendants
    CITY OF MODESTO, MODESTO POLICE
    DEPARTMENT, GALEN L. CARROLL,
    JERRY J. RAMAR, and RYAN OLSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JASON B. PERKINS,<br><br>         Plaintiff,<br><br>vs.<br><br>CITY OF MODESTO, et al.,<br><br>         Defendants. | Case No. 1:19-cv-00126-LJO-EPG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(ECF No. 28)** |

Pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 141.1(c), the parties, Plaintiff Jason B. Perkins ("Plaintiff") and Defendants City of Modesto, Modesto Police Department, Galen L. Carroll, Jerry J. Ramar, and Ryan Olson (collectively, "Defendants"), submit the following stipulated protective order for the Court's approval.

1

1. **INFORMATION COVERED**

Fed. R. Civ. P. 26(c) authorizes that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Accordingly, the information for which a stipulated protective order ("SPO") is requested is limited to the following:

(A) Defendant Jerry J. Ramar's Modesto Police Department personnel file [Bates Nos. 1257-1508];

(B) Defendant Ryan Olson's Modesto Police Department personnel file [Bates Nos. 1509-1561];

(C) Modesto Police Department IA19-023 Re: Defendant Ryan Olson [Bates Nos. 1595-1645];

(D) Modesto Police Department IA17-018 Re: Defendant Ryan Olson [Bates Nos. 1646-1740];

(E) Modesto Police Department IA16-038 Re: Defendant Jerry J. Ramar [Bates Nos. 1741-1841];

(F) Modesto Police Department IA16-034 Re: Defendant Jerry J. Ramar [Bates Nos.1842-1886];

(G) Modesto Police Department IA16-015 Re: Defendant Jerry J. Ramar [Bates Nos. 1887-1958];

(H) Modesto Police Department IA16-035 Re: Defendant Jerry J. Ramar [Bates Nos. 1959-2011]; and

(I) Modesto Police Department IA18-028 Re: Plaintiff Jason B. Perkins and Defendants Jerry J. Ramar and Ryan Olson [Bates Nos. 2011-2605].

If approved by the Court, the information identified above shall be subject to presumptive protection under Fed. R. Civ. P. 26(c).

2. **SCOPE**

The protections conferred by this SPO cover the information defined above as well as any information copied from the materials. However, the protections conferred by this SPO do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part

2

of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

**3.     ACCESS AND USE**

Information covered by this SPO may be disclosed only to the parties and the parties' counsel and their personnel, experts, or professional vendors (*e.g.*, professional jury, trial consultants, mock jurors, etc.). Information covered by this SPO must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons to whom access and use is permitted.

Nothing in this SPO shall limit or prevent a party from introducing or questioning a party concerning the information covered by this SPO during the course of discovery or taking of testimony, including depositions. If necessary, Defendants may seek to designate specific portions of testimony subject to Fed. R. Civ. P. 26(c) protection.

**4.     CHALLENGES**

In good faith, Defendants have assured Plaintiff that the materials designated to be covered by this SPO are limited solely to specific material that would qualify for protection under Fed. R. Civ. P. 26(c), if Defendants had appropriately and timely sought a protective order under Fed. R. Civ. P. 26(c),[1] and does not include information which has been subject to protection on a blanket or indiscriminate basis. However, Plaintiff has not been permitted to view the documents covered by this SPO prior to its requested entry by the Court.

Any party or non-party to this action may challenge the appropriateness of the SPO at any time, including after the action has been disposed or terminated. The party or non-party challenging the SPO does not waive its right to challenge by electing not to mount a challenge promptly after the entry of this SPO or after the documents covered by this SPO are produced. This Court retains jurisdiction of this SPO. Further, if it is discovered that the materials which Defendants assured Plaintiff were subject to Fed. R. Civ. P. 26(c) protection are not, in fact, subject to such protection, Defendants may be subject to

---

[1] By agreeing to enter into a SPO, Plaintiff does not waive, forfeit, or abandon his contention that Defendants failed timely and appropriately to move for a protective order under Fed. R. Civ. P. 26(c). If the instant SPO is subject to challenge, a party is permitted to raise these arguments.

3

**STIPULATED PROTECTIVE ORDER**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. 1:19-cv-00126-LJO-EPG

expenses or sanctions pursuant to Fed. R. Civ. P. 37(c).

<u>Challenge Procedure</u>: Any party challenging this SPO shall initiate the dispute resolution process by providing written notice of each document or piece of information it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the challenging party must: (1) explain the basis for its belief that the confidentiality designation was not proper; and (2) give Defendants an opportunity to review the challenged material(s), a period of which shall not exceed seven calendar days, and respond. In response, Defendant shall either: (A) rescind the protection conferred by this SPO by filing a notice with the Court, if Defendants believe that the challenge is meritorious or do not wish to object to the challenge; or (B) explain the basis for the appropriateness of Fed. R. Civ. P. 26(c) protection. If the parties cannot resolve a challenge without Court intervention, the Defendants shall comply with the terms of E.D. Cal. L.R. 251 associated with seeking Fed. R. Civ. P. 26(c) protection.

At all times, the burden of demonstrating Fed. R. Civ. P. 26(c) protection shall remain on Defendants. If Defendants are unwilling to participate in the challenge procedure outlined above in a timely manner, nothing precludes the challenging party from affirmatively moving to challenge the entry of this SPO (*e.g.*, the filing a motion to compel, motion to intervene, etc.).

## 5. **SEALING ORDERS**

Information covered by this order does not automatically entitle parties to file such information or documents with the Court under seal. Any request to seal documents in this district is governed by E.D. Cal. L.R. 141, which provides that documents may only be sealed by a written order of the Court and after a specific request to seal has been made and the applicable showing demonstrated.

IT IS SO STIPULATED.

Dated: August 2, 2019

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*
By: _____
Mark E. Merin

Attorney for Plaintiff
JASON B. PERKINS

4

Dated: August 2, 2019

Respectfully Submitted,
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP

*/s/ Patrick Moriarty*
(as authorized on August 2, 2019)
By: _____
Patrick Moriarty

Attorney for Defendants
CITY OF MODESTO, MODESTO POLICE DEPARTMENT, GALEN L. CARROLL, JERRY J. RAMAR, and RYAN OLSON

5

**STIPULATED PROTECTIVE ORDER**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. 1:19-cv-00126-LJO-EPG

# **ORDER**

The parties' Stipulated Protective Order (ECF No. 28) is APPROVED and ENTERED.

IT IS SO ORDERED.

Dated: **August 5, 2019**         /s/ Eric P. Grojean
                                  UNITED STATES MAGISTRATE JUDGE

6

**STIPULATED PROTECTIVE ORDER**
*Perkins v. City of Modesto*, United States District Court, Eastern District of California, Case No. 1:19-cv-00126-LJO-EPG