UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON B. PERKINS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF MODESTO, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00126-LJO-EPG<br><br>**ORDER AWARDING EXPENSES UNDER F.R.C.P. 37**<br><br>(ECF Nos. 57, 58, 59, 65) |

　　　　The Court previously granted Plaintiff's motion for expenses, including attorney's fees, incurred in bringing a motion to compel on which Plaintiff prevailed. (ECF No. 57.) In awarding expenses, the Court explicitly excluded from the award any expenses incurred in preparing and filing a non-compliant joint statement of discovery dispute. (*Id.* at 36 n.1, 40 n.3.) The Court directed Plaintiff to file a bill of costs and an accounting of attorneys' fees. Plaintiff has filed his bill of costs and accounting (ECF No. 58) and Defendants have filed a response (ECF No. 59). After a hearing during which the Court questioned whether the attorneys' fees sought by Plaintiff were "incurred in making the motion" to compel, as required under Federal Rule of Civil Procedure 37, Plaintiff filed a supplemental brief in support of his bill of costs and accounting of attorneys' fees. (ECF No. 65.)

　**A. Bill of Costs**

　　　　Turning first to the bill of costs, as directed by the Court, Plaintiff has excluded those costs incurred in preparing and filing a non-compliant joint statement of discovery dispute. (*See* ECF No. 58 at 1-2.) The remaining costs incurred in bringing the motion to compel total $6.70. Defendants do not dispute this amount. (*See* ECF No. 59.) The Court finds the costs to be

1

reasonable and will accordingly award costs in the amount of $6.70.

### B. **Attorney's Fees**

Plaintiff's accounting of attorney's fees shows a total of 68.6 hours in bringing the motion to compel. Plaintiff seeks a rate of $450 per hour for attorney Mark E. Merin, and $300 per hour for attorney Paul H. Masuhara, for a total in attorneys' fees of $21,217.50. (ECF No. 58 at 2-7.)

#### *1. Hourly Rate*

In the Fresno Division of the Eastern District of California, generally, attorneys with twenty or more years of experience are awarded $325.00 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to $325.00, attorneys with five to ten years of experience are awarded $225.00 to $250.00, and less than $200.00 for attorneys with less than five years of experience. *See, e.g., In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (noting attorneys in Fresno Division with twenty or more years of experience are awarded $350.00 to $400.00 per hour, and attorneys with less than fifteen years of experience are awarded $250.00 to $350.00 per hour); *Garcia v. FCA US LLC*, 2018 WL 1184949, at *6 (E.D. Cal. Mar. 7, 2018) (awarding $400.00 per hour to attorney with nearly thirty years of experience; $300.00 to attorney with nearly fifteen years of experience; $250.00 to attorney with ten years of experience; $225.00 to attorneys attorney with five years of experience; and $175.00 to attorney with less than five years of experience); *Mike Murphy's Enterprises, Inc. v. Fineline Indus., Inc*., 2018 WL 1871412, at *3 (E.D. Cal. Apr. 19, 2018) (awarding attorney with over twenty years of experience the $325.00 per hour requested, the attorney with nearly twenty years of experience the requested $300.00 per hour, and the attorney with seven years of experience the requested $250.00 per hour); *TBK Bank, SSB v. Singh*, 2018 WL 1064357, at *8 (E.D. Cal. Feb. 23, 2018), *report and recommendation adopted*, 2018 WL 3055890 (E.D. Cal. Mar. 21, 2018) (awarding attorneys with over thirty-five years of experience $400.00 per hour, attorney with twenty years of experience $350.00 per hour; and attorney with ten years of experience $300.00 per hour); *Roach v. Tate Publ'g & Enterprises*, 2017 WL 5070264, at *10 (E.D. Cal. Nov. 3, 2017) (awarding attorney with sixteen years of experience $325.00 per hour in copyright action); *Sanchez w. Frito-Lay, Inc.*, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015) (in a wage and hour class action finding reasonable

rate of $350.00 per hour for attorneys with more than twenty years of experience and $275.00 per hour for attorney with fourteen years of experience).

Here, Plaintiff seeks an hourly rate for Mr. Merin of $450 per hour, noting that Mr. Merin has been awarded that rate in other cases in the Eastern District of California. (ECF No. 58 at 2.) However, no details are provided by Plaintiff regarding the number of years Mr. Merin has practiced law. Although the Court should not have to independently research the number of years of practice by Mr. Merin, the Court did review the cases cited by Plaintiff and those cases indicate that Mr. Merin has been practicing law for over forty years. *See, e.g., Kaur v. City of Lodi*, 2015 WL 5173021, at *3 (E.D. Cal. 2015). The Court will take judicial notice of this fact for purposes of determining Mr. Merin's years of experience. The Court also recognizes that Mr. Merin was awarded an hourly rate of $450 in the *Kaur* case, which is the same rate he is seeking here. However, *Kuar* and the other cases cited by Plaintiff in support of the $450 rate for Mr. Merin are from the Sacramento Division and not the Fresno Division. (*See* ECF No. 58.) The hourly rates generally deemed reasonable in the Sacramento Division are higher than those in the Fresno Division. *Compare Celestine v. FCA US LLC*, 2019 WL 4274092, at *12 (E.D. Cal. Sept. 10, 2019) ("The Sacramento Division has awarded hourly rates ranging from $150 for new and inexperienced lawyers to $450 per hour to the most experienced.") *with Christofferson v. All Pure Pool Serv. of Cent. California, Inc*, 2020 WL 3249323, at *27 (E.D. Cal. June 16, 2020), *report and recommendation adopted sub nom., Christofferson, v. All Pure Pool Serv. of Cent. California, Inc.*, 2020 WL 3819413 (E.D. Cal. July 8, 2020) ("In the Fresno Division of the Eastern District of California, generally, attorneys with . . . twenty or more years of experience are awarded $325.00 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to $325.00, attorneys with five to ten years of experience are awarded $225.00 to $250.00, and less than $200.00 for attorneys with less than five years of experience.").

Based on the rates that have previously been found to be reasonable in the Fresno Division, and Mr. Merin's forty-plus years of experience, the Court finds that an hourly rate of $400 per hour for Mr. Merin's time is appropriate. *See  Christofferson*, 2020 WL 3249323 at *27.

As to the rate sought for Mr. Masuhara of $300 per hour, Defendants contend that this is unreasonable and that a reasonable rate for Mr. Masuhara is $225-$250 per hour. (ECF No. 59 at 2.) The Court agrees.

As noted above, in the Fresno Division, attorneys with five to ten years of experience are generally awarded $225.00 to $250.00 per hour. *See In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d at 839 (noting attorneys in Fresno Division with less than fifteen years of experience are awarded $250.00 to $350.00 per hour); *see also Garcia*, 2018 WL 1184949, at *6 (Fresno Division case awarding $250.00 per hour to attorney with ten years of experience; and $225.00 to attorneys with five years of experience); *Mike Murphy's Enterprises*, 2018 WL 1871412, at *3 (Fresno Division case awarding attorney with seven years of experience the requested $250.00 per hour). Mr. Masuahra has been licensed as an attorney since June 2013, so at the time these fees were incurred he had been licensed for fewer than seven years. (ECF No. 58.) The Court finds $250 per hour to be a reasonable rate for Mr. Masuhara.

### 2. *Number of Hours Claimed*

As to the number of hours claimed by Plaintiff, Defendants challenge only the time expended on a motion to compel, filed by Plaintiff on July 3, 2019. (*See* ECF No. 59 at 2; ECF No. 25 (Plaintiff's motion to compel filed 7/3/2019).) Defendants challenges this time on the ground that the Court found the motion to have been filed prematurely.

Defendants are correct that the July 3, 2019, motion to compel was filed prior to completion of the informal discovery dispute process and was thus filed prematurely. However, Plaintiff was allowed to proceed with that motion and, although the parties ultimately resolved the dispute, the Court granted Plaintiff permission to seek sanctions or Rule 37 expenses incurred in bringing that motion. (*See* ECF No. 27 (minute order granting Plaintiff permission to proceed with the motion to compel, ECF No. 25); ECF No. 30 (minute order noting that the parties had resolved the issues in the motion to compel); ECF No. 31 (minute order granting Plaintiff permission to seek sanctions and/or expenses under Rule 37 in relation to the dispute at issue in ECF No. 25).) The Court finds an award of expenses related to the July 3, 2019 motion to compel, ECF No. 25, is appropriate and will accordingly overrule Defendant's objection to that

4

1  portion of Plaintiff's expenses.

2  Defendants do not raise any further challenges to the number of hours claimed by

3  Plaintiff, but instead "otherwise submit to the Court's discretion and analysis of accounting for

4  [counsel's] time expended on the motion to compel." (ECF No. 59 at 2.)

5  The Court has, however, conducted a full review of Plaintiff's accounting of the hours

6  expended on filing the motions to compel. As the Court noted above, in its order granting the

7  motion to compel and granting an award of expenses under Rule 37, the Court will not award any

8  expenses for the preparation and filing of the non-compliant joint statement. (ECF No. 57 at 36

9  n.1, 40 n.3.) Although Plaintiff represents that all expenses incurred in relation to the non-

10  compliant joint statement have been excluded, as indicated in the accounting by a strike-through

11  (ECF No. 58), the Court's review reveals three additional entries in the accounting that do not

12  have a strike-through yet are related to the non-compliant joint statement. Specifically, Plaintiff

13  has included the following three entries as ones for which he is seeking attorneys' fees:

| 1/17/20 | Receive, review P. Moriarty email re: Def's further draft of joint stmnt, incorporate new argument about Lt. Tait Decl. (spoliation issue) | PHM | 0.5 | $150.00 |
|---|---|---|---|---|
| 1/23/20 | Review Joint Statement, brief MEM for 1/24 hrg. | PHM | 1.0 | $300.00 |
| 1/23/20 | Review Joint Statement, exhibits; prepare for 1/24 hrg. | MEM | 3.0 | $1,350.00 |

18  These entries are clearly for time incurred in relation to the non-compliant joint statement

19  for which the Court has already ruled expenses will <u>not be</u> awarded. (ECF No. 57 at 36 n.1, 40

20  n.3.) The Court will accordingly strike these hours from the total hours for which recovery is

21  allowed.

22  The Court finds that, with this exception, the number of hours for which recovery is

23  sought by Plaintiff is reasonable.

24  Finally, in the accounting, Plaintiff did not separate the total hours for Mr. Masuhara as

25  opposed to Mr. Merin, making it difficult for the Court to make the needed adjustments.

26  However, taking the total 68.6 hours Plaintiff is claiming and subtracting the total number of

27  hours attributed to Mr. Merin (6.25 hours) yields a total number of hours attributed to Mr.

28  Masuhara of 62.35. Reducing the hours for time incurred in relation to the non-compliant joint

statement yields 3.25 hours attributed to Mr. Merin and 60.85 hours attributed to Mr. Masuhara. With the adjusted hourly rate the Court has deemed reasonable of $400 for Mr. Merin and $250 for Mr. Masuhara, the Court finds that attorneys' fees in the total amount of $16,512.50[1] to be appropriate.

Based on the foregoing, the Court's previous order granting Plaintiff's motion for expenses incurred in bringing the motion to compel (ECF No. 57), and the record in this case,

IT IS ORDERED that:

1. Plaintiff is awarded expenses, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), in the total amount of $16,519.20.
2. Defendants shall file a statement within thirty (30) days certifying that they have complied with their obligation to pay Plaintiffs' expenses as ordered by the Court.

IT IS SO ORDERED.

Dated: __August 5, 2020__         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] For Mr. Merin's time, the total is $1,300 (3.25 hours x $400). For Mr. Masuhara's time, the total is $15,212.50 (60.85 hours x $250).