1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON B. PERKINS,                           No.  1:19-cv-00126-NONE-EPG

12                   Plaintiff,

13          v.                                   ORDER DENYING PLAINTIFF'S MOTION
                                                 FOR RECONSIDERATION
14   CITY OF MODESTO, et al.,
                                                 (Doc. No. 74)
15                   Defendants.

16

17          Plaintiff Jason B. Perkins seeks reconsideration of a discovery ruling designating as

18   confidential certain internal affairs ("IA") files belonging to defendants City of Modesto ("City")

19   and Modesto Police Department ("Modesto PD").  For the reasons explained below, plaintiff's

20   motion for reconsideration will be denied.

21                                          **BACKGROUND**

22          This is a police shooting case in which the court previously denied plaintiff's motion for

23   summary judgment.  (Doc. No. 68 at 3–6 (providing a factual summary).)  The court will not

24   repeat the facts of the case here since the parties are quite familiar with them.

25          During discovery, plaintiff sought Modesto PD's IA files.  (Doc. No. 74 at 6.)  The parties

26   entered into a stipulated protective order designating all such IA files as confidential but allowing

27   for plaintiff to challenge that designation upon receipt and review of the documents.  (Doc. Nos.

28   28, 29, 32, 33, 41.)  The City subsequently produced the documents to plaintiff.  (Doc. No. 74 at

1

7–9.)  The IA files include "written citizen complaints, audio and video recordings, interview transcripts, investigation cover sheets, complaint history summaries, complaint recommendations/dispositions, notices of complaint dispositions, MPD policies, police/incident reports, CAD response reports, etc."  (*Id.* at 7.)  After receiving and reviewing the documents, plaintiff's counsel sent notice to defense counsel stating that plaintiff was challenging the confidential designation for all IA files, and the magistrate judge thereafter granted defendants leave to file a motion for protective order seeking to keep certain documents confidential.  (Doc. No. 46-1 at 287–95; 60-2 at 9–13; 57 at 34.)

On May 7, 2020, the City moved for a protective order seeking to keep certain IA files confidential, while conceding that other IA files were not originally properly designated as confidential.  (Doc. No. 60.)  In this regard, the City affirmatively waived confidentiality with respect to the following documents, subject to redactions: FD 014-002; FD 015-002; FD 015-003; FD 015-004; FD 016-001; FD 016-003; FD 016-005; FD 016-006; FD 017-001; FD 017-002; IA 13-019; IA 15-011; IA 16-048; IA 17-003; and IA 18-028.  (*Id.* at 2.)  The City concluded in May of 2020 that these documents were not confidential because they were subject to disclosure pursuant to California Penal Code § 832.7.  That statute provides that law enforcement personnel and IA records (i.e., those compiled pursuant to California Penal Code § 832.5) are generally confidential.  Pen. Code § 832.7(a).  However, such files may be disclosed if they concern an incident involving:  the discharge of a firearm by a law enforcement officer or a law enforcement's use of force which resulted in death or great bodily injury; a sustained finding of a law enforcement officer's sexual assault on a member of the public; or a sustained finding of dishonesty by a law enforcement officer.  Cal. Pen. Code § 832.7(b)(1)(A)–(C).

The City did not, however, waive confidentiality as to the other IA files because, according to the City, those documents are not subject to Penal Code § 832.7(b) and additionally, disclosure "would harm the privacy interests and morale" of Modesto PD.  (Doc. Nos. 60-1 at 3; 60-3 ¶ 10.)  The documents which the City argued were properly designated as confidential include:  IA13-025; IA13-031; IA14-030; IA14-045; IA14-052; IA15-001; IA15-031; IA15-036; IA15-044; IA16-015; IA16-028; IA16-034; IA16-035; IA16-036; IA16-038; IA16-043; IA17-

2

002; IA17-018; IA17-019; IA17-037; IA17-039; IA17-054; IA18-003; IA19-005; IA19-020; IA19-022; IA19-023; IA19-024; the personnel file of Officer Jerry Ramar; and the personnel file of Officer Ryan Olson.[1]  (Doc. No. 73 at 5.)  The City submitted portions of each IA file for *in camera* review to the magistrate judge to aid in ruling on its motion for protective order.  (*Id.* at 3; Doc. No. 60-1 (Defendants' Motion for Protective Order) at 3 n.1)  After reviewing the submitted documents, the magistrate judge issued the protective order designating the officer personnel files and IA files as confidential.  (Doc. No. 73 at 14.)

Plaintiff does not seek reconsideration of the protective order with respect to the personnel files of Officers Jerry Ramar or Ryan Olson—the two officers who were involved in the shooting underlying this lawsuit.  (Doc. No. 74 at 11 n.5.)  Instead, plaintiff requests only that the court reconsider the protective order's designation of the IA files as confidential.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) states non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge.  *See also* E.D. Cal. R. 303(c).  The district judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is found to be "clearly erroneous or contrary to law."  E.D. Cal. R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and § 636(b)(1)(A), and thus are subject to the "clearly erroneous or contrary to law" standard of review.  *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).  The magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984) *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'"  *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (quoting *United States v.*

---

[1]  Unless otherwise indicated, all references to "IA files" hereafter refer to those that the City maintains are confidential, not the IA files where confidentiality was waived by the City.

*United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotations and citations omitted).

**DISCUSSION**

After a thorough review of the IA files, this court concludes that the magistrate judge's protective order was not clearly erroneous.  To determine whether the IA files had been properly designated as confidential by the City, the magistrate judge applied the two-step test established in *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).  (Doc. No. 73 at 6–8.)  The magistrate judge first found that disclosure of the IA files would result in particularized harm:  "these files contain private information regarding officers and reporting parties, and the disclosure of these files will violate privacy interests and lead to potential embarrassment of the officers and reporting parties."  (*Id.* at 7.)  At the second step of the analysis, the magistrate judge correctly balanced the particularized harm against the main interest weighing in favor of disclosure, namely that the IA files "may involve issues important to the public."  (*Id.*)  However, this interest was found not to be so strong as to override the other interests weighing against disclosure of the IA files.  (*Id.*)  Importantly, the magistrate judge noted that "[a]s to the IA files, the Court finds that the disclosure of this information will violate the privacy interests of, and potentially cause embarrassment and annoyance of, both the reporting parties and the officers, and that *these factors weigh heavily against disclosure of these files.*"  (*Id.* (emphasis added).)  Additionally, given the remote relevance of the IA files to the facts and issues involved in this case, the magistrate judge concluded "that the sharing of this information from these unrelated IA files among litigants outside of this proceeding will not promote fairness and efficiency."  (*Id.* at 7–8.)  In concluding that these IA files should be kept confidential, the magistrate judge distinguished the many cases relied upon by plaintiff.  (*Id.* at 8–13.)

/////

4

In the pending motion for reconsideration, plaintiff does not argue that the magistrate judge somehow misapplied any of those authorities.  Instead, plaintiff argues that his motion for reconsideration should be granted because:  (1) the precise documents that were subject to *in camera* review by the magistrate judge before entering the protective order have not been identified precisely and that as a result plaintiff is concerned that the documents submitted by defendants may have been incomplete; (2) the protective order was too broad and did not analyze each document individually; (3) the protective order impermissibly found "particularized harm" on the basis of "potential embarrassment" to the police officers and/or reporting parties; (4) the protective order's balancing of law enforcement interests against the public's interest was erroneous; and (5) the protective order failed to adequately explain why documents deemed confidential could not be publicly released after redaction of any sensitive information.  (Doc. No. 74 at 2.)  Defendants counter that the magistrate judge's protective order was not clearly erroneous, stating:  "While Plaintiff may disagree with the Magistrate's application of the appropriate law, that disagreement is insufficient to warrant overturning the Magistrate's order." (Doc. No. 75 at 8.)

First, plaintiff makes much of the fact that because he was not provided a separate copy of the specific documents submitted by defendants for *in camera* review, he has concerns that the documents submitted may have been "cherry picked" and incomplete.  In this regard, plaintiff argues he cannot be certain that the magistrate judge received "an accurate and complete understanding" of each IA file.  (Doc. No. 74 at 12.)  Plaintiff advances this argument despite defendants' assurances that every IA file submitted for *in camera* review was previously produced to plaintiff's counsel.  (Doc. No. 75 at 5.)  The court trusts that the magistrate judge was fully capable of assessing whether sufficient documents were presented to the court for *in camera* review to allow for the required determination or whether there were gaps requiring submission of additional documents for review.  In his motion for reconsideration, plaintiff does not provide any reason to believe that the protective order was based upon an incomplete *in camera* review of documents.  The court has simply been presented no reason to believe that the documents reviewed by the magistrate judge were insufficient to reach the decision set forth in the protective

1   order.  Moreover, the undersigned has now reviewed the documents submitted for *in camera*

2   review and has found them to be detailed and clearly sufficient for purposes of making the

3   determination required by the motion seeking the issuance of the protective order.

4          Second, plaintiff repeatedly—and incorrectly—characterizes the magistrate judge's order

5   as a "blanket protective order."  (*See, e.g.*, Doc. No. 74 at 13.)  This is not the case.  Not all IA

6   files in this case have been designated confidential.  Indeed, defendants conceded that some IA

7   files should not be maintained as confidential, but others should.  Of that latter group, the

8   magistrate judge reviewed the IA files, analyzed the applicable legal standard as to each IA file,

9   and reached the same conclusion with respect to each of those IA files.  The fact that the same

10  legal reasoning applied to a selected group of IA files does not make the magistrate judge's

11  protective order a "blanket" one.  To the extent plaintiff is generally demanding that the

12  magistrate judge make individualized determinations as to each of the 28 IA files designated by

13  defendants as confidential and reviewed by the magistrate judge *in camera*, as opposed to the

14  order's statement that the same legal reasoning applied to all 28 IA files, plaintiff provides no

15  authority in support of that demand.

16         Third, the protective order did not impermissibly find harm based on potential

17  embarrassment or give undue deference to law enforcement interests.  As the federal rules state, a

18  "court may, for good cause, issue an order to protect a party or person from annoyance [or]

19  embarrassment . . ."  Fed. R. Civ. P. 26(c).  The magistrate judge concluded that, if made public,

20  the IA files could cause embarrassment, not simply to law enforcement, but to the reporting

21  parties as well.  (Doc. No. 73 at 7.)  Plaintiff characterizes the protective order's conclusion in

22  this regard as "unsupported," even though the magistrate judge reviewed the IA files *in camera*

23  prior to issuing the protective order.  (Doc. No. 74 at 14.)  Having reviewed those IA files *in

24  camera* as well, the undersigned finds that the magistrate judge's conclusion that the release of

25  those files to the public was potentially embarrassing to both law enforcement and the reporting

26  parties was not clearly erroneous.

27         Fourth, plaintiff argues that the protective order's balancing of the interests at stake was

28  flawed.  Plaintiff essentially argues that disclosure of the IA files serves several important public

1    interests, and that those interests are so strong as to override the interests cited in the protective

2    order, i.e., respecting the privacy interests of law enforcement officers/reporting parties and to

3    avoid embarrassment to both.  (Doc. No. 74 at 16–24.)  In other words, defendant disagrees with

4    the magistrate judge's application of the governing law.  Plaintiff's argument does not cause this

5    court to form a "definite and firm conviction that a mistake has been committed." *Concrete Pipe*

6    *& Prods.*, 508 U.S. at 623 (citation omitted).  Plaintiff generally argues that disclosure of the IA

7    files will promote public safety and fairness, in part, because those files are purportedly relevant

8    to plaintiff's supervisory liability claim based on policies or customs of Modesto PD, which

9    plaintiff claims may be "inferred from widespread practices or evidence of repeated constitutional

10   violations for which the errant municipal officers were not discharged or reprimanded."  (Doc.

11   No. 74 at 20) (citing *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) (internal

12   quotations omitted)).)  However, after reviewing the IA files and comparing them to the facts of

13   this case, the magistrate judge concluded that the public interests cited by plaintiff were not

14   particularly strong because "the IA files [in question] are not related to this case."  (*See* Doc. No.

15   73 at 7–8.)  Critically, in the pending motion for reconsideration, plaintiff does not identify any

16   specific IA file that would support his supervisory liability cause of action.  Again, having also

17   subjected the files in question to *in camera* review, the undersigned agrees that the IA files that

18   are the subject of the protective order do not discuss incidents similar to the one at issue in this

19   case, nor do they otherwise appear to provide information that appears likely to support a *Monell*

20   claim against the City.  Therefore, it was not clearly erroneous for the magistrate judge to

21   conclude that the public's interest in the IA files did not outweigh the private interests at stake.

22          Finally, "[a]fter a thorough review of . . . the IA files," the magistrate judge concluded that

23   those files could not be redacted in a "meaningful" manner.  (*Id.* at 13.)  Again, plaintiff does not

24   identify any IA file in particular that he believes should be disclosed with proper redactions.

25   While plaintiff argues that the names of the parties and addresses could be redacted to prevent

26   identification of individuals, (Doc. No. 74 at 25), plaintiff does not discuss how such redactions

27   could resolve the other interests of preventing embarrassment to law enforcement and the

28   reporting parties—especially when those facts are found throughout a particular IA file.

Accordingly, it was also not clearly erroneous for the magistrate judge to conclude that the IA files at issue could not be appropriately redacted and still serve a meaningful purpose if disclosed.

**CONCLUSION**

For the reasons stated above, plaintiff's motion for reconsideration (Doc. No. 74) of the August 17, 2020 protective order (Doc. No. 73) is denied.

IT IS SO ORDERED.

Dated:   **November 6, 2020**                    _____

UNITED STATES DISTRICT JUDGE

8